# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MELANNIE DURHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-1172-DWD |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CONFIDENTIALITY ORDER</u>

On October 10, 2023, Defendant filed a Motion for the Entry of a Proposed Confidentiality Order (Doc. 22) under Federal Rule of Civil Procedure 26(c)(1). Defendant noted, in this case, Plaintiff alleges violations of the Illinois Workers' Compensation Act, stemming from Defendant's retaliation against Plaintiff after she requested that a workers' compensation claim be opened for her medical condition. (Doc. 22, pg. 1). Defendant stated discovery will require "the disclosure of confidential and/or sensitive information, including but not limited to employment policies, employment records, proprietary business information, and sensitive health information related to Plaintiff." (Doc. 22, pg. 1). Defendant provided examples of the documents sought by Plaintiff, including those relating to the unfair treatment or constructive termination of other employees, complaints from threatened legal proceedings where an employee alleged an improper termination, policies or procedures concerning how and when an employee may be subject to adverse employment actions, and the personnel, employment, and medical files that "concern, refer to, and/or describe Plaintiff." (Doc. 22, pgs. 1-2).

Plaintiff filed a Response in Opposition to Defendant's Motion (Doc. 24) on October 24, 2023. Plaintiff argued the proposed confidentiality order submitted by Defendant was "overbroad and open-ended," as it "would prevent the disclosure of any and all documents that the 'producing party' believes should be protected." (Doc. 24, pgs. 3-4) (Emphasis omitted). Further, the "extremely broad definition of 'confidential material,'" including that pertaining to "trade secrets," in particular, allegedly failed to inform the Court as to the type of documents subject to a confidentiality designation or the injury stemming from related disclosures. (Doc. 24, pg. 4). Plaintiff also took issue with the procedures for sealing confidential documents. (Doc. 24, pgs. 5-7). Finally, Plaintiff stated the proposed confidentiality order failed to address a need to share certain confidential information with witnesses and argued it would "essentially require…counsel to 'drop breadcrumbs' as to her litigation strategy." (Doc. 24, pgs. 7-10).

On October 30, 2023, the Court entered the following Order:

ORDER regarding Defendant's Motion for the Entry of a Proposed Confidentiality Order (Doc. 22). Plaintiff filed a Response in Opposition to that Motion (Doc. 24). Upon review of the parties' positions and the Proposed Confidentiality Order submitted by Defendant, the Court agrees with Defendant that a confidentiality order is appropriate under Federal Rule of Civil Procedure 26(c)(1). It seems clear that discovery will lead to the production of sensitive documents relating to the medical and employment information of Plaintiff and other third parties. However, it is also clear, as Plaintiff argues, that Defendant's Proposed Confidentiality Order is quite broad in its protections and the deference afforded to the parties. Therefore, at present, Defendant's Motion is **DENIED without prejudice**. The parties are **DIRECTED** to confer, in good faith, on the appropriate scope of a proposed confidentiality order under Rule 26(c)(1) and Seventh Circuit authority by **November 10, 2023**. If the parties are able to agree on the scope of a proposed confidentiality order, then they are **FURTHER DIRECTED** to file a Joint Motion for the Entry of a Proposed Confidentiality Order by **November 17, 2023**. The parties'

> Proposed Confidentiality Order shall be sent to the Court…in Microsoft Word format. If the parties are unable to agree on the scope of a proposed confidentiality order, then Defendant is granted leave to refile its Motion for the Entry of a Proposed Confidentiality Order by **November 17, 2023**. In that instance, the Court **DIRECTS EACH PARTY** to submit a proposed confidentiality order to the Court…in Microsoft Word format.

(Doc. 25).

Now, the Court is presented with Defendant's Renewed Motion for the Entry of a Proposed Confidentiality Order (Doc. 26) and Plaintiff's Response (Doc. 29). Apparently, the parties were unable to entirely agree on the appropriate scope of a proposed confidentiality order, as contemplated by the Order at Doc. 25. Therefore, each party has presented a proposed confidentiality order for the Court's review, as requested.

Upon considering the parties' filings and proposed confidentiality orders, and for good cause shown under Rule 26(c)(1), the Court **GRANTS in part** and **DENIES in part** Defendant's Renewed Motion. The Court remains convinced that a confidentiality order is proper under Rule 26(c)(1) due to the sensitive medical and employment documents that will be disclosed in discovery. However, modifications to the parties' proposed confidentiality orders are necessary to resolve disputes as to the scope of the confidential material and the treatment of that material in court filings and proceedings, as well as to ensure compliance with Rule 26(c)(1)'s good cause standard.

To this end, the Court notes Defendant's initial Motion outlined specific confidential and sensitive information that will be disclosed in discovery. (Doc. 22, pgs. 1-2). Defendant's proposed confidentiality order confines certain confidential materials challenged by Plaintiff to the way in which those "terms are used in the Federal Rules of

Civil Procedure (Fed. R. Civ.) and any applicable case law interpreting Fed. R. Civ. 26(c)(1)(G)." Defendant's proposed confidentiality order also elaborates on what is contemplated by "trade secrets" or "nonpublic research and development data," which is said to include "cost data, pricing formulas, inventory management programs, other sales or business information not known to the public, information obtained from a non-party pursuant to a non-disclosure agreement, and customer-related Protected Data." In short, the Court has been informed as to the type of documents subject to a confidentiality designation and may glean the related injuries that would stem from disclosures.

And, importantly, to the extent a party invokes the protections of this Confidentiality Order in the pretrial discovery process, there is a specific procedure for challenging that action. It is also important to emphasize that the parties are allowed to invoke the protections of this Confidentiality Order in the pretrial discovery process, but nothing in this Confidentiality Order permits the immediate withholding or secreting of materials from the public record. To the contrary, consistent with the provisions below, this Confidentiality Order requires leave of the Court before the parties may file redacted or sealed documents in the public record. Interested members of the public, like the parties, may challenge redacted or sealed documents. In short, this is not a case where the parties have unfettered discretion to employ confidentiality designations or to redact and seal portions of the record. Therefore, the Court **MODIFIES** the proposed confidentiality orders and **ADOPTS** the following Confidentiality Order:

1.     This Confidentiality Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in

this Confidentiality Order, shall refer to any document or item designated as Confidential

or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents

or items produced during discovery, all copies thereof, and the information contained in

such material. Nothing contained herein shall require any party to produce any specific

documents or category of documents which a party deems inappropriate for production.

### Definitions of Confidential Material

2.      Confidential Material, as used in this Confidentiality Order, consists of the

following materials and categories of materials:

> a. Materials relating to any privileged, confidential, or
> nonpublic information, including but not limited to trade
> secrets, research, design, development, financial, technical,
> marketing, planning, personal, or commercial information, as
> such terms are used in the Federal Rules of Civil Procedure
> (Fed. R. Civ.) and any applicable case law interpreting Fed. R.
> Civ. P. 26(c)(1)(G); contracts; non-public compilations of retail
> prices; proprietary information; vendor agreements;
> personnel files; claim/litigation information; nonpublic
> policies and procedures; and/or employment records of
> persons not a party to this litigation, including any medical
> information; and

> b. Materials containing corporate trade secrets, nonpublic
> research and development data, including, but not limited to,
> cost data, pricing formulas, inventory management
> programs, and other sales or business information not known
> to the public; information obtained from a non-party
> pursuant to a non-disclosure agreement; and customer-
> related Protected Data shall be deemed Highly Confidential –
> Attorneys' Eyes Only.

> c. Protected Data shall refer to any information that a party
> believes in good faith to be subject to federal, state, or foreign
> data protection laws or other privacy obligations. Examples
> of such data protection laws include but are not limited to the
> Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial

5

information); and the Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

The parties shall not designate as confidential information that which is already public knowledge.

3.     Such Confidential Material, as described in paragraph 2, should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

## Procedure for Designating Information as Confidential

4.     To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

a. Information on a disk or other electronic format (*e.g.,* a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Receiving Party shall mark any hard-copy printouts and the

6

storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Confidentiality Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the designated pages and segregate them as appropriate.

5.     A producing party may change the confidentiality designation of materials it has produced as follows: (1) the producing party must give the receiving parties notice of the change by identifying the documents or information at issue.  Once notice is given, the receiving party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation. (2) Within a reasonable period after giving notice, the producing party must reproduce the documents or information in a format that contains the new designation. (3) If such information has been disclosed to persons not qualified pursuant to paragraphs 12-13 below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously

disclosed Confidential Material, (b) advise such persons that the material is Confidential, and (c) give the producing party written assurance that steps (a) and (b) were completed.

## Data Security

6.    The parties shall provide adequate security to protect data produced by the other party(ies) or by non-parties. This includes secure data storage systems, established security policies, and security training for employees, contractors, and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any receiving party subject to the terms of this Confidentiality Order, will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

## Clawback Provisions

7.    The production of privileged or work-product protected documents, electronically stored information (ESI), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

8.    This Confidentiality Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C. § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

9.      Nothing contained herein shall limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

10.     If the receiving party has reason to believe a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

11.     A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After receiving a clawback request, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information from that document, for any purpose. The parties shall meet and confer on any clawback request.

## Who May Receive Confidential and Highly Confidential Information

12.     *Confidential Material.* Any Confidential Material, and the information contained therein, shall be disclosed only to the Court, its staff, in-house counsel, and outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff and personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and

any witnesses in the case (including consulting and testifying experts), as may from time to time reasonably be necessary in the prosecution or defense of this action.

13.     *Highly Confidential — Attorneys' Eyes Only Material.* Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, and consulting and testifying experts retained by a party in this case. If a party finds it is necessary to disclose such material or information to other persons or witnesses, the parties must first meet, confer, and seek to resolve the issue.

14. *Restriction on Disclosure to Direct Competitors.* Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in this case. If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this case, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

15.     *Persons Receiving Confidential Information Must Sign Exhibit A.* Counsel for each party shall advise all persons to whom Confidential Material is disclosed pursuant to this Confidentiality Order of the existence of this Confidentiality Order and shall provide all such persons (other than the Court and its staff) with a copy of this Confidentiality Order. Counsel shall also require such persons to execute the Affidavit, attached as *Exhibit A*, prior to the disclosure of Confidential Material.

16.     *Duties in the Event of Unauthorized Disclosures.*  It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Information, or any other breach or threatened breach of the provisions of this Confidentiality Order, to promptly notify counsel for the Producing Party. The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the producing party to understand and take appropriate steps. Each party and its counsel shall take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information. This provision does not limit the producing party's entitlement to damages resulting from any breach of this Confidentiality Order.

## Authorized Uses of Confidential Material

17.     Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits.

18.     Persons having knowledge of Confidential Material and information due to their participation in the conduct of this case shall use such knowledge and information only as permitted herein, and shall not disclose Confidential Material, its contents, or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

19.     If any person having access to the Confidential Material herein violates this Confidentiality Order, he or she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his or her violation.

## Challenges to the Designation of Confidential Material

20.     Any party or interested member of the public may move the Court to modify the designation of any documents or information produced in this litigation (either to include additional protection with respect to confidentiality or to remove a confidential designation). Before making such a motion, a party or an interested member of the public shall first attempt to resolve such dispute with the Producing Party's counsel. A party challenging the designation of Confidential Materials must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In the event that counsel for a party challenging the designation of Confidential Materials objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the designating party, in writing, of such objections; the specific documents, testimony, information, or other items to which each objection pertains; and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the designating party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to re-designate the subject Confidential Materials pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court under the applicable legal authorities that seeks to uphold any or all designations on the subject Confidential Materials addressed by the Designation Objections (the "Designation Motion"). Pending the resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court.

**Withholding of Information**

21.    *Non-relevant Attachments*. The parties will not produce non-relevant attachments that are attached to relevant emails.  When an attachment is withheld, either for privilege or non-responsiveness, the producing party shall produce a one-page TIFF image (or PDF if production format dictates) in place of the withheld attachment, correspondingly stating "Attachment Withheld-Privileged" or "Attachment Withheld-Nonresponsive" and bearing a sequential BATES number within the family BATES range.  If any attachment to an email contains responsive content, then the cover email shall be produced for context, regardless of the cover email's responsiveness.  The cover email may be redacted in part to remove sensitive information, as described below.

22.    *Redactions*. The parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law, or regulation (*e.g.*, protected personal information); and (3) sensitive, non-responsive information, such as personally identifiable information. Privilege redactions will state, over the redacted portion, "Redacted–Privileged," and all other redactions will state, "Redacted–Sensitive and Nonresponsive." Redactions of emails will not redact the names of recipients or the subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed. The parties will produce redacted documents in TIFF format (or searchable PDF if production format dictates; or in native format for file types that do not convert well to TIFF/PDF, such as

13

Excel files) with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.

### Confidential Material in Filings, Hearings, and Trial

23.    *Confidential Material in Filings.*  In the event a party seeks to file any material designated as Confidential Material in connection with a motion, brief, or other submission (including in the body of the motion, brief, or other submission), the party seeking to submit the document to the Court shall first consult with counsel for the party who designated the document as Confidential Material to determine if some measure less restrictive than filing the document in a redacted form or under seal may serve to provide adequate protection. Absent a court order, secured after appropriate notice to all interested persons, a party may not file Confidential Material in the public record in this action (or in any other action, such as an appeal), unless the party takes appropriate action to ensure that the documents receive proper protection from public disclosure, including by: (1) where deemed appropriate by the Court (*e.g.* in relation to discovery and evidentiary motions), submitting the documents for *in camera* review; or (2) seeking leave, by a motion filed under the governing legal authorities, to file the document(s) in a redacted form or under seal. This duty exists irrespective of the duty to consult on the underlying motion. The Court emphasizes that this Confidentiality Order does not, by itself, authorize the filing of documents in a redacted form or under seal. A judicial ruling is required before any documents, produced in pretrial discovery, may be filed in a redacted form or under seal. Therefore, no redacted or sealed document is to be filed with the Clerk of the Court unless, prior to filing and upon a motion under the governing legal

authorities, a showing of good cause is established and leave of the Court is obtained. A party or interested member of the public may challenge redacted or sealed documents.

24.     *Manner of Sealing.* If Confidential Materials or portions of transcripts are allowed by the Court to be filed under seal, as described in paragraph 23 above, they shall be filed in an envelope bearing the following designation when deposited:

**CONFIDENTIAL**

IN ACCORDANCE WITH THE CONFIDENTIALITY ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THOSE ATTORNEYS.

25.     *Confidential Material in Hearings and Trial.* The provisions of this Confidentiality Order shall not affect, and this Confidentiality Order does not limit, the *admissibility* of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action. Prior to using Confidential Material or the information contained therein at any hearing that is open to the public, the party seeking to use the Confidential Material must give at least seven (7) days advance notice to the producing party of the intent to use the Confidential Material so that the producing party may seek an Order to protect the Confidential Material.

**Continuing Effect of this Confidentiality Order and Duty to Destroy**

26.     This Confidentiality Order shall continue to be binding throughout and after the conclusion of this case, including all appeals. Within 30 days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or

petitions for extraordinary writs, each party or non-party to whom any Confidential Materials were produced shall, without further request or direction from the Producing Party, promptly destroy all documents, items, or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. The Receiving Party shall submit a written certification to the Producing Party by the 30-day deadline that (1) confirms the destruction/deletion of all Confidential Material, including any copies of Confidential Materials provided to persons required to execute *Exhibit A*, and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Material. Notwithstanding this provision, outside counsel is entitled to retain an archival copy of filings, depositions, and deposition exhibits. In the event of a breach or need for enforcement of this Confidentiality Order after the conclusion of this case, the Court retains jurisdiction should a party in good faith believe that a violation of this Confidentiality Order has occurred or is about to occur, that any data was improperly classified as protected material, that this Confidentiality Order is in need of modification, or that any document has lost its confidentiality status. The parties, however, must first attempt to resolve any dispute on an informal basis before presenting the same to the Court by motion or otherwise pursuant to the applicable rules. Nothing herein is to be deemed a shifting of the burden of proof from the party claiming confidential status over the records. The parties submit to the exclusive personal jurisdiction and venue of the District Court of the Southern District of Illinois to enforce this Confidentiality Order.

## Procedure if Confidential Material Is Required to be Produced

27.     If any person receiving documents covered by this Confidentiality Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Confidentiality Order. At the request of the party or non-party who produced or designated the material as Confidential Material, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as Confidential Material. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Confidentiality Order.

## Application of this Confidentiality Order to Productions by Third Parties

28.     This Confidentiality Order may be used by third parties producing documents in connection with this action. Third parties may designate information as Confidential or Highly Confidential – Attorneys' Eyes Only.

29.     If a third-party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material. In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Confidential Material, after the parties confer.

30.     In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Confidentiality Order.

### Miscellaneous Provisions

31.     Nothing in this Confidentiality Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

32.     This Confidentiality Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court. Further, this Confidentiality Order may be modified by application of the parties to the Court with notice. Nothing in this Order shall bind the Court to its terms, and the Court may, in its discretion, modify or amend the Confidentiality Order.

**SO ORDERED.**

Dated: December 1, 2023

s/ *David W. Dugan*

DAVID W. DUGAN
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

MELANNIE DURHAM,                )
                                )
    Plaintiff,               )
                                )
    v.                       )       Case No. 3:23-cv-1172-DWD
                                )
WALMART, INC.,                  )
                                )
    Defendant.               )

## AFFIDAVIT OF COMPLIANCE WITH CONFIDENTIALITY ORDER

1.    My name is _____.  I live at _____. I am working on behalf (or at the direction and engagement) of _____.

2.    I am aware that a Confidentiality Order has been entered in the above-captioned lawsuit.  A copy of this Confidentiality Order has been given to me, and I have read and understand the provisions of same.

3.    I acknowledge that documents and information designated as confidential and/or highly confidential pursuant to such Confidentiality Order ("Confidential Materials") are being disclosed to me only upon the conditions that I agree (a) to be subject to the jurisdiction of this Court, and (b) to comply with that Confidentiality Order. I hereby agree to abide by such Confidentiality Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Confidentiality Order. I promise that the documents and information given confidential treatment under the Confidentiality Order entered in this case will be used by me only to assist counsel for the parties in preparing for litigation of the above-captioned matter. I understand that any use of such Confidential Material in any manner contrary to the provisions of the

Confidentiality Order may subject me to the sanctions of this Court for contempt and to liability for any damages caused by my breach of the Confidentiality Order.

4.     I shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any information derived from, by any person other than the parties and counsel for the parties or members of their staff.

5.     Within 30 days after the above-captioned lawsuit ends in a final non-appealable order, I agree to destroy all Confidential Materials in my possession.


Dated: _____, 20____            _____
                                            Signature

                                            _____
                                            Printed Name